UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TODD and LISA MAYER, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Cause No.: 2:11-cv-147 |
| | ) |
| EMC MORTGAGE CORPORATION, | ) |
| JP MORGAN CHASE BANK, N.A., and | ) |
| DOES 1-100, INCLUSIVE, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Order to Compel Discovery [DE 74] filed by the plaintiffs, Todd and Lisa Mayer, on November 28, 2014. For the following reasons, the motion is **GRANTED in part and DENIED in part**.

*Background*

On March 30, 2011, the plaintiffs, Todd and Lisa Mayer, initiated this matter in the Porter County Superior Court. The defendants, JP Morgan Chase Bank, N.A. and EMC Mortgage Corporation, removed the case to this court on April 25, 2011. The plaintiffs filed a second Amended Complaint on November 7, 2013 that alleged Count I – violations under the Real Estate Settlement Procedure Act and Count II – breach of contract regarding four agreements. The defendants filed a Motion to Dismiss both counts. On April 22, 2014, this court denied the Motion to Dismiss Count I but granted in part and denied in part the Motion to Dismiss Count II. Following this court's order of April 22, 2014, the remaining claims include Count I – violations under RESPA and Count II – breach of contract regarding a single agreement.

The present dispute involves five interrogatories and two requests for production. On June 17, 2014, the plaintiffs tendered an interrogatory request and a request for production. Chase responded to the request for production on August 27, 2014 and the interrogatory request on October 16, 2014. The plaintiffs have admitted that Chase responded timely but claim that Chase's responses were evasive, incomplete, or non-responsive.

This dispute concerns the following interrogatories:

1. If Lender accepts any Payment or Partial Payment which is insufficient to bring the Loan current, describe the method by which the Payment or Partial Payment is applied to the interest due under the Note, principal due under the Note, amounts due for escrow, late charges, and the principal balance of the Note; whether these funds are immediately credited to the interest due under the Note, principal due under the Note, amounts due from escrow, late charges, and the principal balance of the Note; whether they are returned to the Borrower or whether they are applied to a Suspense Account or Unapplied Funds Account.
2. If any Payment or Partial Payment is applied first to a Suspense Account or Unapplied Funds Account, before being applied to the interest due under the Note, principal due under the Note, amounts due for escrow, late charges, and the principal balance of the Note, describe Lender's policy regarding when such funds are to be removed from the Suspense Account or Unapplied Funds Account and applied to the Periodic Payment due under the Loan.
3. If any Payment or Partial Payment is applied first to a Suspense Account or Unapplied Funds Account before being applied to the interest due under the Note, principal due under the Note, amounts due for escrow, late charges, and the principal balance of the Note, describe Lender's policy regarding when such funds would be removed from this Suspense Account or Unapplied Funds Account and applied to the interest due under the Note, principal due under the Note, amounts due for escrow, late charges, and the principal balance of the Note, or when such amounts will be applied to the next consecutive Periodic Payment when Borrower is in a Trial Payment Plan or undergoing review for qualification under the HAMP program.
4. Is the following an accurate description of Lender's policy regarding the handling of monies held in a Suspense Account or Unapplied Funds Account: If the payment is held in a

> Suspense Account or Unapplied Funds Account, when
> sufficient funds accumulate in the suspense or unapplied funds
> account to cover an amount sufficient to cover principal,
> interest, and escrow for a given billing cycle, the funds are
> credited to the borrower's loan account.
>
> 5. If Lender's policy regarding the handling of monies held in a
> Suspense Account or Unapplied Funds Account differs in any
> manner from the above quoted statement in Interrogatory 4,
> please describe the difference in detail making note of when
> amounts sufficient to cover the next due or outstanding
> Periodic Payment or Payments would not be taken from the
> Suspense Account or Unapplied Funds Account and applied to
> the next due or outstanding Periodic Payment of Payments.

Chase responded identically to each interrogatory as follows:

> Chase objects to Request No. [] as it is overly broad, unduly
> burdensome and not reasonably calculated to lead to the discovery
> of admissible evidence. Subject to and without waiving this
> objection, Chase applies payments to the Loan, defined in the
> Requests, in the manner described in the Note and Security
> Instrument, as defined in the Requests. For an accounting of how
> payments have been applied to the Plaintiffs' Loan, please see the
> payment histories already tendered with Chase's Response to
> Plaintiffs' Requests for Production of Documents in 2012 as Bates
> Nos. CH_0802 – CH_0809, CH_0810 – CH_0823, CH_0834 –
> CH_0835, and supplemented in 2014 with Bates Nos. CH_0836 –
> CH_0886.

The plaintiffs claim that the interrogatories are relevant to the RESPA and breach of contract claims. They indicate that Interrogatory 1 seeks to determine Chase's policy regarding their suspense account during normal servicing periods. Interrogatories 2 and 3 seek to determine Chase's policy regarding the plaintiffs' suspense account during the HAMP Trial Period Plan. Interrogatories 4 and 5 ask whether the plaintiffs accurately stated the HAMP TTP policy or if not, query how Chase handled the suspense account differently.

The plaintiffs contend that the interrogatories are relevant to proving a service impropriety, as required to satisfy their RESPA claim, and whether Chase serviced the account in violation of the plaintiffs' note's or mortgage's terms, which is relevant to the breach of contract

3

claim. Additionally, the plaintiffs claim that the requested information is not privileged and that the transaction history provided by Chase does not explain the suspense account's balances or policy.

Chase has indicated that each interrogatory seeks an explanation as to how it would apply payments under a hypothetical scenario. To answer the interrogatories, Chase has indicated that payments are applied pursuant to the terms of each loan's note and mortgage and that any payments submitted were applied according to the plaintiffs' note and mortgage. Additionally, it has referred the plaintiffs to the payment histories it provided for the suspense account in question. Chase also argues that how it applies payments to other loans is irrelevant to this matter because the terms of the note and mortgage in a given situation govern how it applies payments.

This dispute also concerns the following requests for production:

3. Produce a copy of the payment history on Plaintiffs' Loan that shows the application and debt of funds from the Suspense Account or Unapplied Funds Account associated with Plaintiffs' Loan.
7. Produce any internal memorandum or written guidance or policies regarding the use of Suspense Accounts in the regular course of the servicing of a Loan including any internal memorandum or written guidance or policies regarding the use of Suspense Accounts when a Loan was/is in a Trial Period Plan or undergoing review for qualification under the HAMP program.

Chase provided the following responses to the requests for production:

3. This information was previously provided to Plaintiffs on or about October 5, 2012 as Bates Nos. CH_0802 – CH_0809, CH_0810 – CH_0823, and CH_0834 – CH_0835. The Responding Party hereby supplements the above referenced responses with Bates Nos. CH_0836 – CH_0886.
7. The Responding Party objects to Request No. 7 as this request is overbroad, unduly burdensome, vague, and oppressive. It is unclear, ambiguous, and confusing as the terms "internal

> memorandum," "written guidance," and "policies" are not
> defined and are open to different reasonable interpretations
> requiring conjecture or speculation on the Responding Party's
> part.

The plaintiffs argue that Chase's response to Request for Production 3 was non-responsive because the transaction history did not show an accounting of the suspense account activity. Chase has responded that the transactional history of the suspense account was included in the overall transactional history and that a separate account history solely for unapplied funds does not exist. Chase has indicated that it provided all payment histories that are kept in the usual course business to the plaintiffs.

The plaintiffs also claim that Chase's response to Request for Production 7 was non-responsive. Chase objected to Request 7 because it included undefined terms that are open to different reasonable interpretations and it was overbroad, unduly burdensome, vague, and oppressive. Furthermore, Chase indicated that any payments were applied according to the plaintiffs' note and mortgage and that it already had produced full and complete payment histories for the plaintiffs' note and mortgage.

*Discussion*

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." **Federal Rule of Civil Procedure 26(b)(1)**. For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978)). Even when information is not directly related to the claims or defenses

5

identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. **Borom v. Town of Merrillville**, 2009 WL 1617085, at *1 (N.D. Ind. June 8, 2009) (citing **Sanyo Laser Prods., Inc. v. Arista Records, Inc.**, 214 F.R.D. 496, 502 (S.D. Ind. 2003)); *see* **Adams v. Target**, 2001 WL 987853, at *1 (S.D. Ind. July 30, 2001) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."); **Shapo v. Engle**, 2001 WL 629303, at *2 (N.D. Ill. May 25, 2001) ("Discovery is a search for the truth.").

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. **Federal Rule of Civil Procedure 37(a)(2)–(3)**. The burden "rests upon the objecting party to show why a particular discovery request is improper." **Gregg v. Local 305 Ibew**, 2009 WL 1325103, at *8 (N.D. Ind. May 13, 2009) (citing **Kodish v. Oakbrook Terrace Fire Prot. Dist.**, 235 F.R.D. 447, 449–50 (N.D. Ill. 2006)); **McGrath v. Everest Nat. Ins. Co.**, 2009 WL 1325405, at *3 (N.D. Ind. May 13, 2009) (internal citations omitted); **Carlson Rests. Worldwide, Inc. v. Hammond Prof'l Cleaning Servs.**, 2009 WL 692224, at *5 (N.D. Ind. March 12, 2009) (internal citations omitted). The objecting party must show with specificity that the request is improper. **Cunningham v. Smithkline Beecham**, 255 F.R.D. 474, 478 (N.D. Ind. 2009) (citing **Graham v. Casey's Gen. Stores**, 206 F.R.D. 253, 254 (S.D. Ind. 2002)). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." **Cunningham**, 255 F.R.D. at 478 (citing **Burkybile v. Mitsubishi Motors Corp.**, 2006 WL 2325506, at *6 (N.D. Ill. Aug. 2, 2006)) (internal quotations and citations omitted). Rather, the court, under its broad discretion,

considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." **Berning v. UAW Local 2209**, 242 F.R.D. 510, 512 (N.D. Ind. 2007) (examining **Patterson v. Avery Dennison Corp.**, 281 F.3d 676, 681 (7th Cir. 2002)) (internal quotations and citations omitted); see **Hunt v. DaVita, Inc.**, 680 F.3d 775, 780 (7th Cir. 2012) (explaining that the district court has broad discretion in supervising discovery).

"A party need not produce documents or tangible things that are not in existence or within its control. It is sufficient that the discovered party respond by saying that a document or tangible thing is not in existence." **Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp.**, 222 F.R.D. 594, 598 (E.D. Wis. 2004) (citations omitted). When a party denies "that it has possession, custody or control of documents, the requesting party must make an adequate showing to overcome this assertion." **Hagemeyer**, 222 F.R.D. at 598.

The plaintiffs first request the court to compel Chase to respond to Interrogatories 1-5. Chase responded timely to the interrogatories, but the plaintiffs now claim the responses were evasive, incomplete, or non-responsive. Each interrogatory posed a hypothetical that asked Chase to identify how it applied payments and partial payments or its policies regarding suspense accounts or unapplied funds accounts. Chase answered each interrogatory by indicating that it applied payments and partial payments pursuant to the loan's terms as described in the note and the security instrument. Additionally, it referred the plaintiffs to the payment history of their loan as an example of how payments are applied.

Chase sufficiently answered the interrogatories by indicating that it applied payments to loans in the manner described in the note and security instrument. In this matter, Chase applied

7

payments pursuant to the plaintiffs' note and mortgage, which are in the plaintiffs' possession. Chase further indicated that it was irrelevant how it applied payments in other situations because payments were applied pursuant to the note and security instrument attached with that specific loan. Therefore, Chase sufficiently answered the hypothetical interrogatories by indicating that it followed the terms of the note and security instrument when applying payments. The motion to compel Chase to answer Interrogatories 1-5 is **DENIED**.

Next, the plaintiffs request the court to compel Chase to respond to Requests for Production 3 and 7. Request 3 asked Chase to produce a copy of the payment history for the plaintiffs' loan that specifically shows the suspense account or unapplied funds account. Chase responded that it provided an overall transactional history for the plaintiffs' loan that included the transactional history for the suspense account. Additionally, Chase indicated that a separate account history solely for unapplied funds does not exist and that it provided all payment histories kept in the usual course of business. The plaintiffs have not made an adequate showing to overcome Chase's assertion that a separate transactional history does not exist. Therefore, the motion to compel Chase to respond to Request for Production 3 is **DENIED**.

Request 7 asked Chase to produce any internal memorandum, written guidance, or policies regarding the use of suspense accounts in the regular course of servicing a loan, when a loan is in a trial period plan, or when a loan is undergoing review for qualification under the HAMP program. Chase objected to Request 7 because it was vague, ambiguous, irrelevant, and unlikely to lead to the discovery of admissible evidence. However, the burden to show that a request is improper cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence."

*Cunningham*, 255 F.R.D. at 478 (citing ***Burkybile***, 2006 WL 2325506 at *6). Although Chase advised that it followed the terms of the loan's note and mortgage regarding suspense accounts, it has not met its burden that Request 7 was improper. Chase has not alleged that written policies or internal memorandum regarding suspense accounts do not exist and has not shown why producing such documents would be unduly burdensome. Rather, Chase objected to Request 7 with the type of reflexive invocation that ***Cunningham*** held was insufficient. Therefore, the request to compel Chase to respond to Request 7 is **GRANTED**. Chase is **ORDERED** to respond to Request 7 within fourteen days of this order.

The plaintiffs also request fees, costs, and expenses associated with this discovery dispute. "The great operative principle of Rule 37(a)(5) is that the loser pays." Charles Alan Wright *et al.*, *8B **Federal Practice and Procedure Civil*** § 2288 at 787 (3d ed. 2014). "Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." ***Rickels v. City of South Bend, Ind.***, 33 F.3d 785, 787 (7th Cir. 1994). Any loser may avoid payment by showing that his position was substantially justified. ***Rickels***, 33 F.3d at 787. The failure to disclose is sanctionable and properly remedied by an order compelling discovery. **Federal Rules of Civil Procedure 37(a)(3)(B), (a)(4), (a)(5)**; ***Lucas v. GC Services, L.P.***, 226 F.R.D. 328, 329–30 (N.D. Ind. 2004). Federal Rule 37(a)(5)(A) states that the court shall require sanctions based upon the costs of seeking a motion to compel. *See **Stookey v. Teller Training Distribs., Inc.***, 9 F.3d 631, 637 (7th Cir. 1993) (citing the prior section number) ("Rule 37(a)(4) clearly allows for an award of the expenses incurred in obtaining an order to compel, including attorney's fees."). Sanctions under Rule 37(a)(5) are appropriate unless the movant filed the motion without attempting in

good faith to obtain the discovery without court action, the party's nondisclosure was "substantially justified," or other circumstances make an expense award unjust. **Federal Rule of Civil Procedure 37(a)(5)(A)**. In addition, Federal Rule 37(c)(1) states that a party who fails to disclose, provides false or misleading disclosure, or refuses to admit information required by Rule 26(a) without "substantial justification" may be sanctioned unless such failure was "harmless." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 755 (7th Cir.2004); *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir.1998); *Engel v. Town of Roseland*, 2007 WL 2903196, at *6 (N.D. Ind. Oct. 10, 2007). Thus, Rule 37(a) is a fee-shifting rule, and the loser must pay unless it demonstrates that the movant filed the motion before attempting to obtain the discovery in good faith without court action, its position was "substantially justified," or other circumstances make an expense award unjust.

Under Rule 37(a)(5)(C), if a motion to compel is granted in part and denied in part, the court may apportion the reasonable expenses for the motion. Noting that Chase successfully opposed Interrogatories 1-5 and Request for Production 3 and relied on a similar argument for Request for Production 7 and the plaintiffs' financial status, the court will not apportion reasonable expenses for this motion. The plaintiffs' request for fees, costs, and expenses associated with this discovery dispute is **DENIED**.

Based on the foregoing reasons, the Motion for Order to Compel Discovery [DE 74] is **GRANTED in part and DENIED in part**.

ENTERED this 4th day of February, 2015.

/s/ Andrew P. Rodovich
United States Magistrate Judge